UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARMY C. PERETZ and BARBARA E.
SARKIN, individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.        CASE NO: 8:11-cv-265-T-26EAJ

ONEWEST BANK, FSB and MORRIS
HARDWICK SCHNEIDER, LLC,

    Defendants.
_____/

**O R D E R**

Before the Court is Defendant OneWest Bank's Motion to Dismiss (Dkt. 15), Defendant Morris Hardwick Schneider, LLC's Motion to Dismiss (Dkt. 14), and Plaintiffs' Omnibus Response in Opposition. (Dkt. 27). After careful consideration of the motion, the allegations of the Complaint (Dkt. 1), and the applicable law, the Court concludes the motions should be granted based on the ripeness issue.

**PERTINENT ALLEGATIONS OF THE COMPLAINT**

In this action, Plaintiffs sue OneWest Bank, FSB (OneWest) and Morris Hardwick Schneider, LLC, in connection with OneWest's servicing of mortgages on real property located in Florida. OneWest has filed mortgage foreclosure proceedings in Florida, and through its employees, has signed and filed Affidavits of Indebtedness and Affidavits of

Costs[1] attesting to amounts due and owing by the Plaintiffs who are homeowners. Plaintiffs allege that the amounts sworn to in the affidavits are false. Plaintiffs further allege that "Defendants have a longstanding business practice of collecting or attempting to collect fees and costs from Florida homeowners in amounts which are not and have never been incurred, are unreasonable and excessive, and are not authorized by Florida law, and continue that practice to this day."[2]

Most significantly, the Plaintiffs allege that "Defendants improperly attempt to collect on a debt from [Plaintiffs Peretz and Sarkin] in an amount that was not due and owing, contrary to law."[3] The five counts seek damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, sections 559.541-559.548, Florida Statutes, the Florida Unfair and Deceptive Trade Practices Act, section 501.201 *et seq.*, Florida Statutes, unjust enrichment, and money had and received.

---

[1] With respect to the Affidavit of Costs, Plaintiffs allege that Defendants obtain summonses not only to be served on the Plaintiffs but also on unnamed tenants "1" and "2" when there is no good faith reason to believe tenants live on the properties, thereby falsely inflating the cost of service of process. The inflated amount is then added to the Affidavit of Costs and sought to be recovered in the mortgage foreclosure proceedings. See docket 1 at paras. 44-51.

[2] See docket 1 at para. 34.

[3] See docket 1 at paras. 36 & 37.

## PLEADING STANDARD

Defendants seek to dismiss the Complaint on numerous grounds including failure to state a claim for relief which invokes the standard espoused in Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[4] In addition to the Ashcroft standard, the complaint must also fall within the framework of ripeness. See United States v. Rivera, 613 F.3d 1046 (11th Cir. 2010). The ripeness doctrine "keeps federal courts from deciding cases prematurely and protects them from engaging in speculation or wasting their resources through the review of potential or abstract disputes." Id. at 1050 (citations omitted).

## RIPENESS

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). To determine whether a case is ripe, the Court must consider whether the claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Rivera, 613 F.3d at 1050. In Rivera, a new, second receiver was appointed to

---

[4] While the complaint need only allege enough facts to state a claim that is plausible, the factual allegations must be "enough to raise a right to relief above the speculative level." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (quoting Twombly, 550 U.S. at 545).

recover fees that may have accrued to the former receiver as a result of the former receiver's misfeasance. In refusing to review the order of substitution for the new receiver, the Eleventh Circuit explained its reasoning based on the ripeness doctrine:

> [The former receiver] asks us to resolve her dispute prematurely. The amount of fees, if any, to be recovered from her by the new receiver is yet unknown. The receiver could determine that no fees at all are owed due to the misfeasance of [the former receiver]. At the least, the district court has not ordered a specific amount to be recovered from [the former receiver]. It is well settled that this kind of uncertain sanction is not ripe for our judicial review. [citations omitted]. If and when the district court orders [the former receiver] to pay the new receiver a specific amount, then [the former receiver] can appeal that order.

Rivera, 613 F.3d at 1050. Thus, in a situation where the tribunal, in this case the state court, has not yet decided the amount to be recovered, or whether an amount is even owed, any claim for an amount to be recovered depends on the future contingent event that the tribunal finds an amount is due and owing in the first place.

Much like the posture of the case in Rivera, this dispute presents itself as premature because 1) the amount of fees and costs due and owing in the foreclosure actions has not been determined yet, and 2) the lawfulness of the fees and costs has not been resolved. It may very well be that the amounts due and owing are the correct amounts, or that there may possibly be no amounts due at all. With respect to the fees and costs incurred for service of process on possibly nonexistent tenants, the lawfulness of any practice or procedure for planning service of process may be determined lawful or

unlawful. The state court judge presiding over the foreclosure action has yet to determine either of these issues, and both are squarely in front of that judge at this time. For this Court to consider this case, even though Plaintiffs urge that the conduct occurred in the past through the "attempt" to collect debts not due and owing, would amount to an unwarranted exercise of jurisdiction over an amount of indebtedness, fees, and costs that has not yet been determined by the state court. Consequently, this Court declines to exercise jurisdiction over issues that are not fit for judicial review at this time when the parties will not suffer any hardship by permitting the state court to make its own determination.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant OneWest Bank's Motion to Dismiss (Dkt. 15) is **GRANTED**.

(2) Defendant Morris Hardwick Schneider, LLC's Motion to Dismiss (Dkt. 14) is **GRANTED.**

(3) This case is dismissed for lack of subject matter jurisdiction.

(4) The clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on May 12, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record